## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

ELIJAH BEN DOWDLE                                                    PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:16CV102-HTW-LRA

MARSHALL FISHER, ET AL                                            DEFENDANTS

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This cause is before the undersigned Magistrate Judge for report and recommendation regarding Defendants' Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies [22]. All moving Defendants assert that the claims of Plaintiff Elijah Ben Dowdle filed pursuant to 42 U.S.C. §1983 should be dismissed due to his failure to exhaust his remedies that were available to him through the Administrative Remedy Program [ARP] implemented by the Mississippi Department of Corrections [MDOC]. After a thorough review of the pleadings and the applicable law, the undersigned recommends that the motion be granted based upon Dowdle's non-exhaustion.

Failure to exhaust is an affirmative defense, so these Defendants have the burden of demonstrating that Dowdle failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). At the summary judgment stage, this means that Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir. 2010). The court shall grant summary judgment "if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Tex. St. Board of Dental Exam'rs*, 304 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Allen v. Rapides Parish Sch. Bd.*, 304 F.3d 619, 621 (5th Cir. 2000).

Dowdle was a convicted felon housed in the custody of the MDOC at the Central Mississippi Correctional Facility [CMCF] in Pearl, Mississippi, on February 11, 2016, when he filed this lawsuit. He filed suit against Commissioner Fisher, as well as the Warden and Deputy Warden of CMCF and other officials. Plaintiff complains that his living conditions at CMCF were constitutionally inadequate. Specifically, he charges that he was forced to breathe feces in a closed zone for several weeks; he had no fresh air or one hour yard call; he breathed mold from the bathroom. He had no shoes or underwear for several days. Plaintiff also makes charges against the legal assistance program regarding the handling of his grievances. Plaintiff stated in his Complaint that he received "no response" to his ARP grievance from Defendants [1 at 2]. Plaintiff has now been moved to the Stone County Regional Correctional Facility [SCRCF] in Wiggins, Mississippi.

As Defendants point out, the applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court." The United States Supreme Court reiterated in *Ross v. Blake,* 136 S.Ct. 1850, 1856-57 (2016), that exhaustion is mandatory and that a court may not excuse a failure to exhaust, "even to take 'special circumstances' into account." Judicial discretion is foreclosed. *Id*. "Time and again, this Court has rejected every attempt to deviate from the PLRA's textual mandate." *Id.*, *citations omitted*.

The Fifth Circuit has confirmed that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez*).  The inmate in *Gonzalez* completed the ARP *after* filing his federal lawsuit.  The Court held that this was not sufficient to comply with the PLRA's exhaustion requirements.

As noted by Defendants, the two-step Administrative Remedy Program has been implemented by the MDOC statewide in all prisons, including CMCF, under the authority of Miss. Code Ann. § 47-5-801.    The two-step process requires that an inmate submit a written grievance to the Legal Claims Adjudicator at the prison within 30 days of the incident.[1]  If the adjudicator accepts the ARP, it is forwarded to the appropriate official, and that official issues a First Step Response.  If unsatisfied, the inmate may continue to the Second Step by using  Form ARP-2 and sending it to the Legal Claims Administrator, utilizing the manila envelope furnished with the Step One response.  A final decision will be made by the Superintendent, Warden, or Community Corrections Director.

As evidence of Dowdle's non-exhaustion, Defendants have attached the May 5, 2016, sworn Affidavit of Le Tresia Stewart, Administrative Remedy Program Investigator II for the CMCF.  She is also custodian of the ARP records at CMCF.  According to Ms. Stewart, Dowdle did file a grievance (CMCF-15-2406) through the ARP regarding the

---

[1]The Program is contained in the MDOC Inmate Handbook, ch. VIII, available at http://www.mdoc.state.ms.us/Inmate_Handbook/CHAPTER%30VIII.pdf.

conditions on his housing zone.  The First Step Response to his grievance was provided by Deputy Warden Danny Trigg and dated December 22, 2015.  Warden Trigg wrote that "maintenance repaired many of the plumbing issues outlined [by Dowdle] and for those unrepaired they are waiting on parts.  I will continue to monitor the living conditions of your unit and report maintenance discrepancies as detected." [22-1, p. 2].  In his grievance, Plaintiff did not discuss any injury he received as a result of the conditions.  Dowdle signed for his First Step Response on December 29, 2015.  He did not appeal to the Second Step, and the ARP was closed. [22-1, pp. 1-6].

Plaintiff also requested that a separate grievance be processed as a "sensitive issue" by the ARP, but the request was denied on December 15, 2015, by R. Pennington, Director of the ARP for MDOC.  [11-1 at 1].  According to the letter, the matter did not meet the criteria for sensitive treatment.

Although Dowdle contends that he has exhausted his claims, he has not rebutted Defendants' evidence that he never proceeded to Step Two of the ARP.  His response is found at [30], along with his supporting exhibits.  Under the applicable law, Plaintiff's conclusory allegations that his grievances were not answered are insufficient to evade the exhaustion requirement.  *See Kidd v. Livingston,* No. 11-40492, 463 Fed. App's 311, 313 (5th Cir. 2012), *cert. denied,* 133 S.Ct. 36 (2012) (conclusory assertion that prison officials never returned a processed grievance form did not create a genuine dispute as to plaintiff's exhaustion of his grievance); *Howe v. Livingston,* No. 9:11cv162, 2012 WL 4127621 (E.D. Tex. Sept. 17, 2012) (vague and conclusory assertion that his grievances "disappeared or were never answered" do not excuse exhaustion); *Willich v. Brownlow,*

2010 WL 297844, at *6 (E.D. Tex. Jan. 19, 2010) (rejecting conclusory allegation of inability to exhaust). If an inmate does not receive a timely response, he should proceed to the next level in the exhaustion process because both steps are required. *See Veloz v. New York,* 339 F.Supp.2d 505, 516 (S.D.N.Y. 2004) (unsupported allegations that grievances "must have been lost or misplaced" does not relieve inmate of the obligation to appeal claims to the next level once it becomes clear that a response to the initial filing was not forthcoming).

According to the MDOC ARP program, initial grievance must be filed within 30 days of the incident. Dowdle complied with this requirement. The Second Step must be filed within five days of receiving the First Step Response. Dowdle has not provided evidence showing that he appealed the First Step Response. The Courts have approved the MDOC ARP, and this Court must strictly enforce the program before jurisdiction may attach. In *Woodford*, the Supreme Court found that the PLRA's exhaustion requirement means "proper" exhaustion, which requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, *including deadlines*, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 83-84. *See also Gordon v. Yusuff,* No. 03-60822, 2004 WL 1551625, at *1 (5th Cir. 2004) (a federal prisoner's untimely appeal to Central Office constituted grounds for dismissal based upon non-exhaustion). It is the prison's requirements, not the PLRA, that define the requirements of exhaustion. *Jones v. Bock,* 549 U.S at 218. Accordingly, both the

MDOC ARP's First and Second Step requirements must be met before an inmate can be found to have exhausted his claims.

The case of *Wilson v. Epps*, 776 F.3d 296 (5th Cir. 2015) is also controlling in Dowdle's case.  The plaintiff argued that the prison's failure to respond to his grievances excused his non-exhaustion, and that is partially Dowdle's position herein.  The Fifth Circuit clearly rejected that stance, finding that a prison's failure to respond at preliminary steps in its grievance process does not relieve a prisoner of the duty to complete the remaining steps.  *Id.*  In *Wilson,* the Court rejected the inmate's assertions that the ARP program was unconstitutional because it gave MDOC too much time to respond; it approved the ARP's "backlogging" requirement.  *Id.* at 300-301.  The Court also rejected the inmate's claim that his remedies should be deemed exhausted because MDOC failed timely to respond to his request for administrative remedy.   Noting that the prisoner must pursue the grievance remedy to its conclusion, the Court explained:

> This requirement does not fall by the wayside in the event that the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process.  Instead, the prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process.   Thus, it is only if the prison fails to respond at the last step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance.

*Id.* at 301.  Dowdle never appealed the First Step Response, so he never became entitled to sue in this Court.

To defeat a summary judgment motion, competent evidence must be provided to defeat that set forth by the movant.  Although Dowdle contends that he has exhausted,

and that the ARP did not respond to his complaints, "'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence' will not satisfy the nonmoving party's burden on summary judgment." *Garner v. Moore,* 536 Fed. Appx. 446, 449 (5th Cir. 2013) (quoting *Freeman v. Tex. Dep't of Criminal Justice,* 369 F.3d 854, 860 (5th Cir. 2004). In this case, Defendants have provided substantial evidence indicating Dowdle did not completely exhaust his administrative remedies before filing this suit. Dowdle has failed to rebut that evidence, and summary judgment should be entered.

For these reasons, the undersigned Magistrate Judge recommends that Defendants' Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies [22] be **granted** and that Plaintiff's Complaint be dismissed without prejudice as to all Defendants. Final Judgment should be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 30th day of June 2017.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE